E. G. Arndt, Trustee in Bankruptcy of Chicago Gulf Corporation, Appellant, v. Guy H. Abbott et al., Appellees.

Gen. No. 41,523.

Opinion filed February 26, 1941.

NASH, AHERN, McDERMOTT, McNALLY & KILEY and MAXWELL L. RUBIN, both of Chicago, for appellant; MAXWELL L. RUBIN and SEYMOUR J. RUBIN, of counsel.

ALDEN, LATHAM & YOUNG, of Chicago, for certain appellees; WILLIAM TRACY ALDEN and ROBERT T. DRAKE, of Chicago, and JOHN J. SHERLOCK, of Cicero, of counsel.

IRVING G. BROWN, of Chicago, for certain other appellees.

ANDREW D. COLLINS, of Chicago, for certain other appellee.

MR. JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

Plaintiff brings this appeal from a judgment entered in the circuit court for costs in favor of defendants and against plaintiff at which time the court granted defendants' motion to strike the complaint of the plaintiff.

Plaintiff E. G. Arndt, trustee in bankruptcy of Chicago Gulf Corporation, filed his complaint against certain directors of the Chicago Gulf Corporation for alleged illegal and wrongful conduct in issuing shares of common capital stock of the said Chicago Gulf Corporation for an illegal consideration.

The complaint after alleging that plaintiff was appointed trustee and stating his qualifications, in accordance with the provisions of the Bankruptcy Act, that as such all the right, title and interest of the debtor, Chicago Gulf Corporation, is vested in him; that defendants were all duly elected directors of the Chicago Gulf Corporation at the time the complained of acts took place; that a directors' meeting called pursuant to notice, a resolution was adopted by the board of directors authorizing the sale of 100,000 shares of common capital stock of the Chicago Gulf Corporation to John Taylor Wilson, then president of the corporation, the purchaser Wilson to pay for said stock by giving said corporation his collateral promissory note for the principal sum of $100,000, payable to the corporation on or before 1 year from the date thereof, secured only by the said 100,000 shares of common capital stock of the Chicago Gulf Corporation; that the directors set a value of $1 per share upon said 100,000 shares; that pursuant to the said resolution, the said stock was issued and sold to John Taylor Wilson and the said corporation received in payment thereof the note of John Taylor Wilson payable to the order of the corporation in the sum of $100,000, secured by said 100,000 shares of common capital stock of said corpo-

ration; that said note was ultimately paid down by said Wilson to the principal sum of $24,993.14, and on October 14, 1937, in exchange for said note paid down to said sum, John Taylor Wilson executed his collateral note in the sum of $24,993.14, payable to the order of Chicago Gulf Corporation on or before September 2, 1938, secured by 25,025 shares of common stock of said corporation; that said note was paid down to $23,866.77 and that the aforesaid balance remains due and unpaid.

The complaint further alleges that under the applicable Delaware law it was illegal and wrongful for the defendant directors to authorize the issuance of stock for a promissory note secured only by the issued stock and that such action constituted a breach of duty on the part of the defendant directors; that the Chicago Gulf Corporation by reason of such illegal action on the part of the defendant directors suffered a loss in the sum of $23,866.77, the balance due on said note; that the defendant directors, having authorized the issuance of the stock for the said illegal consideration, are and remain liable to the trustee in bankruptcy of the Chicago Gulf Corporation for the said unpaid balance due and owing on the note, together with legal interest from September 2, 1937 to the date of judgment and plaintiff therefore sought judgment against the defendant directors for the aforesaid amount.

The well-pleaded facts alleged in the complaint were admitted by defendants by lengthy motions to strike, and in addition thereto the defendants also alleged facts which properly belong in an answer.

In plaintiff's theory of the case, plaintiff relies upon the provisions of the Delaware constitution and statute which forbid the issuance of stock for any consideration other than money, services or property. The plaintiff contends that under these provisions and under the clearly applicable Delaware cases, a promissory note secured only by the issued stock, is not

legal consideration for the issuance of stock; that the directors were guilty of illegal acts in issuing stock in exchange for such a note; and that they are personally liable for losses caused by their illegal dealings with the capital stock of the corporation. The plaintiff therefore seeks judgment against the defendant directors jointly and severally for the amount due and unpaid on the note, together with appropriate interest.

In defense, defendants contend: (1) that the shares of stock involved in this case were never issued prior to the payment in full, hence there could be no violation of the constitutional or statutory provisions in the issuance of said stock.

(2) Directors are not personally liable for merely issuing stock in exchange for a note, and, even if they were, no liability could result in this case because no loss was sustained.

For the reasons stated above, the trial court was correct in sustaining the motion to strike the complaint and for dismissing the cause of action.

It appears that the Chicago Gulf Corporation was organized under the laws of the State of Delaware on or about March 24, 1930, and the provisions relative to issuing capital stock is set forth in the Constitution of the State of Delaware, article 9, section 3, which states the following:

"No corporation shall issue stock, except for money paid, labor done or personal property, or real estate or leases thereof actually acquired by such corporation."

Section 14 of the corporation law of the State of Delaware, provides as follows:

"Subscriptions to, or the purchase price of, the capital stock of any corporation organized or to be organized under any law of this state, may be paid for, wholly or partly by cash, by labor done, by personal property or by real property and leases thereof; . . ."

In *Sohland v. Baker,* 15 Del. Ch. 431, 141 Atl. 277,

it was held in considering sections of the constitution as well as the statutes of Delaware that a note does not constitute valid consideration for the issuance of stock under the provisions of the Delaware statute and constitution. In that case stock was issued in exchange for a promissory note. The note was secured by securities of the corporation which was the maker of the note. In a suit by a stockholder to cancel the stock issued in consideration of the note and for an accounting for the proceeds of dividends paid on such stock, the court granted the relief prayed and held that the note was neither property nor cash within the meaning of the Delaware constitution or statute. See also *Washer v. Smyer,* 109 Tex. 398, 211 S. W. 985; *McCarthy v. Texas Loan & Guaranty Co.* (Tex.), 142 S. W. 96; *Williams v. Brewster,* 117 Wis. 370.

It will be seen from a reading of the complaint and the motion made to strike, that denials were made and issues created by said motion which required a hearing on said issues appearing in this record. In his opinion, the trial judge made a finding that the defendants were acting in good faith. In reply to this finding by the trial judge, it is pertinent to say that a branch of this transaction was before this court in the case entitled, *People v. Wilson,* 306 Ill. App. 216, wherein defendant Wilson was convicted under the Blue Sky Law for selling to the public the very stock which Wilson maintains was issued by the corporation. In this criminal case, which, of course, is not claimed to be *res judicata,* the second division of this court in its opinion found:

"That the sale was made by the defendant as a part of a scheme to deliberately and intentionally violate the provisions of the Securities Act was clearly and conclusively proved by the evidence." In that case this court further found that the sale by Wilson was at a figure in excess of the alleged price which he paid to the corporation for the same stock. Citation of

that case was presumably made in the instant case on the allegations of good faith of defendants.

On the question whether or not plaintiff should be permitted to try his case in court on issues duly made, we refer to Ill. Rev. Stat. 1939, ch. 110, par. 166, sec. 42 [Jones Ill. Stats. Ann. 104.042], which reads as follows:

"(2) No pleading shall be deemed bad in substance which shall contain such information as shall reasonably inform the opposite party of the nature of the claim or defense which he is called upon to meet."

We think the defendants were duly informed as to the charges made against them and that the court erred in sustaining the motion to strike.

Many other questions are raised by defendants, some of which are pertinent, but inasmuch as this cause must be retried, we refrain from discussing them at this time. Suffice it to say, the trial court should not have sustained the motion to dismiss and in doing so committed error.

For the reasons herein given the judgment of the circuit court is reversed and the cause is remanded with directions to overrule the motion to strike and enter a rule upon the defendants to answer the said complaint and that the cause be placed at issue and tried in due course.

*Judgment reversed and cause remanded with directions.*

Hebel, P. J., and Burke, J., concur.